# EXHIBIT B

ORIGINAL
IF THIS STAMP IS NOT IN
RED, IT IS NOT AN ORIGINAL

IN THE CIRCUIT COURT FOR MADISON COUNTY, TENNESSEE AT JACKSON, TENNESSEE

| | |
|---|---|
| JARVIS HOLMES and SASKIA HOLMES, <br><br> Plaintiffs, <br><br> v. <br><br> YERBAGDA BAKHYT, ETA TRANS, INC. and TRUCK PROCESS AGENTS OF AMERICA, INC., <br><br> Defendants, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No.: C-21-114 <br><br> DIV. I |

FILED MAY 10 2021
KATHY BLOUNT, CIRCUIT COURT CLERK
DEPUTY CLERK

## COMPLAINT

Come now the Plaintiffs, by and through counsel, and would respectfully submit to the Court the following Complaint:

1. The Plaintiffs, Jarvis Holmes and Saskia Holmes, a married couple, are residents of the State of Tennessee, residing in Davidson County.

2. The Defendant Yerbagda Bakhyt resides at 13106 West Chapman Ave 4318 Garden Grove, CA 92840, Orange County, California.

3. The Defendant ETA Trans, Inc. is a California Limited Liability Company doing business in the State of Tennessee with its principal address located at 5825 Lincoln Ave., #D427, Buena Park, CA 90620 and can be served through its registered agent, Munkhtsatsral Dorjsuren, located at 5825 Lincoln Ave., #D427, Buena Park, CA 90620.

4. The Defendant Truck Process Agents of America, Inc., is a blanket company for ETA Trans Inc. with its principal address located at 1527 NW 2nd St., Madison, SD 57042 and can be served through its registered agent Brian Kringen at 6334 Lenola Heights, Wentworth, SD 57075.

5. This Complaint concerns an automobile accident occurring at or near the I-40 in Madison County, Tennessee.

6. The amount in controversy is a fair, just, and equitable amount to be decided by the trier of fact after hearing all of the evidence at trial. Pursuant to Tenn. R. Civ. P. 8.01 and 15.02, the amount awarded by the trier of fact shall not exceed $250,000.00 for compensatory damages to the Plaintiff Jarvis Holmes, nor shall the amount awarded by the trier of fact exceed $50,000.00 for loss of consortium to the Plaintiff Saskia Holmes.

7. On or about July 7, 2020, the Defendant Yerbagda Bakhyt was traveling in Madison County, Tennessee and operated a tractor trailer in a negligent or reckless manner so as to force the vehicle containing the Plaintiff Jarvis Holmes off the road, causing him to strike the median which resulted in personal injuries to the Plaintiff.

8. Since this collision, the Plaintiff Jarvis Holmes has received examination, evaluation, treatment, and therapy for injuries caused by the Defendants. Such injuries have greatly hindered the enjoyment of life of the Plaintiff.

9. The Defendant Yerbagda Bakhyt had a duty to keep a proper lookout ahead, to drive at a reasonable and safe speed, to see all that came into the Defendant's line of sight, and to drive reasonably and carefully. At all times herein material, the Defendant was guilty of the following acts of common law negligence, which acts or

omissions were the direct and proximate cause of the damages and injuries sustained by the Plaintiff Jarvis Holmes:

    a) Operating a vehicle at a speed too great for the circumstances then and there existing.

    b) Failing to maintain a proper lookout ahead.

    c) Carelessly operating a vehicle in a manner which caused it to force the vehicle containing the Plaintiff Jarvis Holmes off the road.

    d) Failing to take evasive action by applying the brakes or otherwise steering the vehicle in order to avoid a collision once that collision was imminent.

    e) Failure to make a proper lane change

10. In addition to the aforementioned acts of negligence, the Defendant Yerbagda Bakhyt was negligent per se in that the Defendant drove a vehicle with such a willful, reckless, and wanton disregard to the safety of the Plaintiff so as to constitute reckless driving in violation of Tenn. Code Ann. § 55-10-205. Furthermore, the Defendant was negligent per se in violating the following statutory provisions:

    (a) Tenn. Code Ann. § 55-10-101 Leaving the scene of a P.I. accident

    (b) Tenn. Code Ann. § 55-10-103 Duty to render reasonable assistance

    (c) Tenn. Code Ann. § 55-8-119 Unsafe passing

    (d) Tenn. Code Ann. § 55-8-152 Failure to obey speed limit

    (e) Tenn. Code Ann. § 55-8-136 Failure to use Due Care

    (f) Tenn. Code Ann. § 55-8-123(1) Unsafe Lane Change

11. At the time of the accident, which is the subject of this Complaint, Defendant Yerbagda Bakhyt was operating a tractor trailer owned by Defendants ETA

Trans Inc and/or Truck Process Agents of America Inc. had given Defendant Yerbagda Bakhyt permission to drive the vehicle.

12. Upon information and belief, Defendants ETA Trans Inc. and/or Truck Process Agents of America Inc. were negligent in that they knew or should have known that the decision to allow Defendant Yerbagda Bakhyt to operate their vehicle created a foreseeable danger to third parties. Said negligence was a substantial and proximate cause of the injuries and damages suffered by the Plaintiff Jarvis Holmes.

13. At the time of this collision, Defendant Yerbagda Bakhyt was operating his vehicle within the course and scope of his employment with Defendants ETA Trans Inc. and/or Truck Process Agents of America, Inc and with their permission. As such, the negligence of Defendant Yerbagda Bakhyt is imputed to ETA Trans Inc. and/or Truck Process Agents of America Inc pursuant to the doctrines of vicarious liability, respondeat superior, negligent entrustment, and/or the principles of agency. Defendants ETA Trans Inc. and/or Truck Process Agents of America Inc. is further responsible pursuant to Tenn. Code Ann. §§ 55-10-311 (prima facie evidence of ownership of automobile and use in owner's business) and 55-10-312 (registration prima facie evidence of ownership and that operation was for owner's benefit).

14. The Plaintiffs alleges that as a direct and proximate result of one or more acts of negligence or recklessness of the Defendants, the Plaintiffs suffered and continues to suffer injuries and damages as follows: property damage, pain and suffering, future pain and suffering, medical expenses, future medical expenses, loss of income and future earning capacity, permanent impairment, and loss of enjoyment of certain employment, social and recreational activities.

15. The Plaintiff Saskia Holmes alleges that as a direct and proximate result of the Defendants' negligence, or recklessness, the Plaintiff suffered a loss of the companionship, society, and affection usually enjoyed in the marital relationship, thus resulting in a loss of consortium.

16. As a result of the injuries suffered and damages incurred by the Plaintiffs, the Defendants are liable to the Plaintiffs for the aforementioned losses.

**PREMISES CONSIDERED, THE PLAINTIFFS PRAY:**

1. That process issue and the Defendants be required to respond under the Tennessee Rules of Procedure.

2. That the Plaintiffs be awarded a sum to be proven at the time of trial for damages caused by the Defendants, but not to exceed $250,000.00 to Jarvis Holmes and $50,000.00 to Saskia Holmes.

3. That the cost of this action be taxed to the Defendants.

4. For such other, further and general relief which may be deemed by this Honorable Court to be appropriate.

Respectfully submitted,

*/s/ Andrea Stilgenbauer*
Andrea Stilgenbauer, BPR #35253
Michael D. Ponce & Associates
Attorneys for Plaintiff
400 Professional Park Drive
Goodlettsville, TN 37072
Telephone: (615) 851-1776